```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                            :
MULBAH KEITA,                                               :
                                                            :
                              Petitioner,                   :      20-CV-6154 (JMF)
                                                            :
                 -v-                                        :
                                                            :      MEMORANDUM OPINION
LEROY FIELDS,                                               :          AND ORDER
                                                            :
                              Respondent.                   :
                                                            :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Mulbah Keita, a New York state prisoner proceeding without counsel, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1 ("Pet."), at 1-26. Following a jury trial in state court, Keita was convicted of attempted rape in the first degree, two counts of sexual abuse in the first degree, and attempted sexual abuse in the first degree. The jury acquitted Keita of the remaining counts. In his Petition, Keita raises four arguments that he raised on direct appeal in the state courts: that the trial court erred by (1) allowing the jury to consider duplicitous counts for two distinct acts of sexual intercourse; (2) determining that a pretrial lineup was not unduly suggestive; (3) not assessing whether an interpreter was necessary; and (4) rendering an excessive sentence. *See* Pet. 5-11. Additionally, Keita raises several arguments that he did not raise in state court. *Id*. at 16-18, 20-21. For the reasons that follow, the Petition is dismissed.

## BACKGROUND

On October 5, 2016, following a jury trial, Keita was convicted of attempted rape in the first degree, two counts of sexual abuse in the first degree, and attempted sexual abuse in the first degree. Keita was sentenced to an aggregate term of seven years. On direct appeal, Keita filed a

counseled brief in the Appellate Division, First Department, arguing that (1) the trial court erred by submitting duplicitous counts to the jury; (2) his motion to suppress the lineup identification should have been granted; (3) his right to a fair trial was violated because the trial court did not provide an interpreter; and (4) his sentence was excessive. *See* Pet. 106-135. On October 8, 2019, the Appellate Division unanimously affirmed Keita's conviction. *See People v. Keita*, 112 N.Y.S.3d 91 (1st Dep't 2019). The Court held that Keita did not preserve his claims regarding "allegedly duplicitous counts" or "that the court should have provided him with an interpreter." *Id*. at 92. Additionally, the Court agreed with the trial court's denial of Keita's motion to suppress the pretrial lineup identification, holding that the lineup was not unduly suggestive as "the age disparity between defendant and the fillers was not so noticeable as to single [Keita] out." *Id*. (citing *People v. Jackson*, 98 N.Y.2d 555, 559 (2002)).

Keita sought leave to appeal to the New York Court of Appeals with respect to all the issues he raised before the Appellate Division, but his application was denied on December 13, 2019. *See People v. Keita*, 34 N.Y.3d 1079 (2019).

## DISCUSSION

As a general matter, the writ of habeas corpus may be granted "with respect to any claim that was adjudicated on the merits in State court proceedings" only if (1) the state court's denial of petitioner's claim "resulted in a decision that was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States"; (2) the state court's denial of relief "resulted in a decision that . . . involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States"; or (3) the state court's denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Cruz v.*

*Superintendant*, No. 13-CV-2414 (JMF), 2016 WL 2745848, at *5-6 (S.D.N.Y. May 11, 2016). The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and emphasis omitted); *see also Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). But a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Tragath v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks omitted).

Applying these deferential standards here, the Court concludes that Keita's Petition must be dismissed. As an initial matter, Keita's claims with respect to the allegedly duplicitous charges and the alleged need for an interpreter fail because the Appellate Division's decision rejecting these claims rested on an independent and adequate state ground. It is well established that a federal court "'will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment.'" *Downs v. Lape*, 657 F.3d 97, 101 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Cone v. Bell*, 556 U.S. 449, 465 (2009)). That is the case here, as the Appellate Division held, as a matter of state law, that Keita "did not preserve any of his claims regarding allegedly duplicitous counts" and that he "did not preserve his claim that the [trial] court should have provided him with an interpreter." *Keita*, 112 N.Y.S.3d at 92.[1] Accordingly, federal habeas review of these claims is unavailable. *See, e.g.*, *Garcia v. Lewis*, 188 F.3d 71, 78-82 (2d Cir. 1999) (holding that the failure to raise an issue at trial in accordance with New York's contemporaneous objection rules is an independent and adequate state ground

---

[1] Keita concedes that his attorney did not object to the jury instructions, *see* Pet. 18-19, or raise the need for a language interpreter, at trial. *See* Pet. 25.

of decision barring federal habeas review); *Gonzalez v. Perez*, No. 11-CV-3744 (JMF), 2012 WL 2952841, at *2 (S.D.N.Y. July 19, 2012) (denying a petitioner habeas relief where the claim was "properly rejected by the Appellate Division on the independent and adequate state law ground that it was not preserved for appellate review").

Next, Keita claims that the trial court improperly admitted evidence that the complainant had identified him as her assailant in a pretrial lineup. *See* Pet. 7. In particular, he argues that the lineup was unduly suggestive because "age was critical to the complainant's description" and he was "thirty years older than four of the five fillers." *Id*. at 7, 118. The Supreme Court has clearly established that a criminal defendant has a due process right not to be the object of pretrial identification procedures that are "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384 (1968). Nevertheless, there is no basis to find that the Appellate Division's decision rejecting Keita's unduly suggestive lineup claim here is "contrary to," or is "an unreasonable application of," that Supreme Court precedent. 28 U.S.C. § 2254(d); *see, e.g.*, *Roldan v. Artuz*, 78 F. Supp. 2d 260, 274 (S.D.N.Y. 2000) ("Even if all of the lineup fillers were older, however, this is not enough to constitute an unduly suggestive lineup."). In fact, having reviewed a photograph of the lineup, *see* ECF No. 10-8, at 1, the Court can say that Keita's unduly suggestive lineup claim might fall short even if it were reviewed *de novo*.[2] Given the deference owed to the state court's decision under Section 2254(d), the claim is easily rejected.

The last claim that Keita raised on direct appeal — that his seven-year prison sentence is excessive — also fails as a matter of law. It is well established that "[a]n excessive sentence

---

[2] The photograph filed by Respondent appears to have been signed by the complainant. To ensure her privacy, the Court has replaced it with a version in which her name is redacted.

4

claim may not provide grounds for habeas corpus relief where a petitioner's sentence is within the range prescribed by state law." *Edwards v. Superintendent*, *Southport C.F.*, 991 F. Supp. 2d 348, 372 (E.D.N.Y. 2013); *see also White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam) ("No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law."). Here, Keita was sentenced to seven years' imprisonment, a term well within the range prescribed by state law for a class "C" violent felony offense. *See* N.Y. Penal Law § 70.02(3)(b) (providing that "the term must be at least three and one-half years and must not exceed fifteen years" for a class "C" violent felony). On its face, therefore, Keita's excessive sentence claim is not cognizable under federal habeas law. *See, e.g.*, *Porter v. Keyser*, No. 15-CV-816 (JMF), 2016 WL 1417847, at *3 (S.D.N.Y. Apr. 8, 2016) (denying an excessive sentence claim where the rendered sentence was "well within" the applicable "range set by the state legislature").

Finally, liberally construing the Petition, as the Court must, Keita raises four additional claims that were not presented on direct appeal in state court: (1) that his lawyer was ineffective for failing to object to the jury verdict sheet; (2) that he was unlawfully deprived of the right to testify before the grand jury; (3) that the trial court gave a defective reasonable doubt instruction to the jury; and (4) that the prosecutor engaged in misconduct during summations. *See* Pet. 16-18, 20-21. Because these claims were not raised in the state courts, they are "unexhausted." *See Parson v. Superintendent of Fishkill Corr. Facility*, No. 12-CV-2358 (JMF), 2013 WL 1953181, at *1 (S.D.N.Y. May 13, 2013) (citing *Grey v. Hoke,* 933 F.2d 117, 120 (2d Cir. 1991)). As Keita fails to demonstrate either (1) "cause" for the default and "prejudice" from barring the claims or (2) that a "fundamental miscarriage of justice" will result from not considering the

claims, *id*. (internal quotation marks omitted), these unexhausted claims are procedurally barred from review. *See, e.g.*, *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc).

## CONCLUSION

For the foregoing reasons, the Court DISMISSES Keita's habeas petition. As Keita has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). Moreover, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Keita and to close the case.

SO ORDERED.

Dated: November 12, 2020
New York, New York

_____
JESSE M. FURMAN
United States District Judge